[No. 6224.  Decided September 11, 1906.]

ELI B. MOORE *et al., Respondents,* v. GEORGE H. IRISH *et al.,*
*Appellants.*[1]

CANCELLATION OF INSTRUMENTS—FRAUD—EVIDENCE.  The evidence
is sufficient to sustain findings in favor of the plaintiff in an action
for the cancellation of the assignment of land contracts, where it
appears by the preponderance of the evidence that the assignment
was sent to a bank for collection of the amount due, and the cashier
delivered the papers for inspection only, without collecting the sum
due, and attempted to recover them but was unable to do so.

Appeal from a judgment of the superior court for Yakima
county, Rudkin, J., entered June 16, 1905, upon findings in
favor of the plaintiffs, after a trial on the merits before the
court without a jury, in an action for the cancellation of an
assignment of a land contract.  Affirmed.

*Ira P. Englehart,* for appellants.

*Wm. B. Bridgman* and *H. J. Snively,* for respondents.

HADLEY, J.—This action was brought to effect the sur-
render of a certain land contract, and to cancel an assign-
ment thereof.  The issues, substantially stated, are as fol-
lows:  The plaintiffs allege that they are the owners of an
equitable interest in a certain described ten acres of land,
and that they hold the same under a contract of purchase
from the defendant Washington Irrigation Company, a cor-
poration; that about the 5th day of July, 1904, they orally
agreed with the defendant George H. Irish to sell him their
interest in said land, at the agreed price of $1,131.50; that
said Irish orally agreed to purchase the land at said price,
and in accordance with said agreement, the plaintiffs executed
an assignment of their interest in the contract and land to
said Irish, and placed the same in the hands of the Sunnyside
Bank for the purpose of collecting from Irish the said pur-

[1]Reported in 86 Pac. 942.

chase price, the assignment to be delivered to Irish upon said payment being made; that Irish wrongfully and unlawfully took the assignment from the possession of said bank without making any payment; that he has no right or title to said property or any part thereof; that he has nevertheless delivered the contract and assignment to the Washington Irrigation Company, has demanded that said company shall accept the assignment, has tendered the balance of the purchase price as evidenced by the contract, has demanded a deed for the land from said company, and that unless restrained the company will deliver a deed to him; that Irish represents himself as the owner of said property, threatens to enter into possession thereof, is negotiating to sell the same, and will do so if not restrained. The plaintiffs ask that they be decreed to be the owners and entitled to the possession of said land contract and of the interest in the land evidenced by the contract; that said Irish and wife be adjudged to have no interest therein, and that they be enjoined from exercising any acts of dominion over the land; that the Washington Irrigation Company be directed to surrender the contract and assignment to plaintiffs; and that plaintiffs shall have judgment against Irish and wife for damages and costs.

The Washington Irrigation Company answered, disclaiming any interest in the controversy; and the defendants Irish and wife answered with certain admissions and denials, and affirmatively alleged that, about July 5, 1904, one Henry A. Moore, a son of the plaintiffs, entered into an agreement with said George H. Irish whereby they mutually agreed to trade certain lands; that Moore represented to Irish that he was the owner and in control of certain contracts with the Washington Irrigation Company for the purchase of two tracts of land, one of which was the ten acres above mentioned and the other being a tract containing fifty-four or fifty-five acres; that Moore would trade and exchange his

interest in said contracts and would cause the same to be assigned to Irish if the latter would assign to Moore all of his interest in a certain homestead location; that Moore at the time stated that the contract for the ten-acre tract was in the name of his father Eli B. Moore, one of the plaintiffs herein, but that he would cause an assignment thereof to be made by said Eli B. Moore and wife to Irish, and would cause the same to be returned to Sunnyside, Washington, and delivered to Irish as part consideration for said trade and exchange; that it was expressly agreed and understood that said Henry A. Moore was the owner of both contracts and in full control of the same, and that no cash should be paid by Irish on account of said trade; that thereafter Irish relinquished his rights in the homestead location and delivered possession to said Moore, who filed on the same under the homestead laws of the United States, and now claims the same as his homestead entry; that Moore then delivered to Irish the original Washington Irrigation Company contract for the larger tract, and stated that the contract for the ten-acre tract, held in the name of plaintiff Eli B. Moore, would be assigned and delivered within a few days thereafter; that pursuant thereto Moore did obtain the assignment of said contract to Irish, and the same was sent to Moore and left in the Sunnyside Bank; that Irish was notified by Moore that the assignment was at the bank and would be delivered to him upon his calling for the same; that thereafter Irish called at the bank, the assignment was delivered to him, and is now held and owned by him; that the delivery was with the full knowledge and consent of said Henry A. Moore.

Upon the issues above stated, the cause was tried by the court without a jury, and resulted in a judgment for the plaintiffs, to the effect that the assignment of the contract shall be delivered to the plaintiffs and cancelled, and that plaintiffs shall recover costs from the defendants Irish. Irish and wife have appealed.

The whole controversy here is concerning the facts. We have stated fully from the pleadings the respective claims of the parties as to what the facts are. The court found that the appellant George H. Irish wrongfully and unlawfully obtained possession of the assignment, and we think the finding is fully sustained by the evidence. To be sure, there is a sharp conflict in the testimony, but we have read the entire statement of facts and are satisfied that the decided preponderance of the evidence is in favor of the court's finding. The cashier of the Sunnyside Bank, from whom Irish obtained possession of the assignment, testified that he did not deliver the papers to Irish to be removed from the bank before the money was paid; that he handed them to Irish for examination; that Henry A. Moore was in the bank at the time, and as the cashier's attention was immediately attracted to something else, he supposed that Irish had settled with Moore; that upon being informed to the contrary, he attempted to secure the papers from Irish, but was unable to do so. We think it is overwhelmingly established by the evidence that respondents were to receive about $1,100 cash as a consideration for the delivery of the assignment.

The judgment was therefore right, and it is affirmed.

MOUNT, C. J., FULLERTON, CROW, ROOT, and DUNBAR, JJ., concur.

RUDKIN, J., having tried the case in the court below, did not sit.